UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MOHIT BHASIN,

                            Plaintiff,

              -against-

SONIYA HOTEL LLC D/B/A TRAVELODGE
MANHASSET, SHIVSHANTI INC. D/B/A DAYS INN
COPIAGUE, SIRISH PATEL, SONIYABEN PATEL, and
HARSHAD MISTRY,

                            Defendants.
------------------------------------------------------------------------X

Case No: 21-cv-272

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Mohit Bhasin ("Bhasin" or "Plaintiff"), by his attorneys, Moser Law Firm, P.C., as and for his complaint in this action against Soniya Hotel LLC d/b/a Travelodge Manhasset ("Soniya"), Shivshanti Inc. d/b/a Days Inn Copiague ("Shivshanti"), Sirish Patel ("Sirish"), Soniyaben Patel ("Soniyaben"), and Harshad Mistry ("Mistry")(collectively "Defendants") hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action against Defendants as a result of Defendants' various unlawful practices including, but not limited to: (1) failing to pay Plaintiff minimum wage in violation of New York Labor Law ("NYLL") § 652 and 12 NYCRR § 146-1.2; (2) failing to pay Plaintiff minimum wage in violation of the Fair Labor Standards Act ("FLSA"); (3) failing to pay Plaintiff overtime in violation of NYLL and 12 NYCRR §146-1.4; (4) failing to pay Plaintiff overtime in violation of the FLSA; (5) failing to pay Plaintiff spread of hours pay in violation of 12 NYCRR § 146-1.6; (6) failing to provide Plaintiff with the hiring notice required by NYLL § 195(1); (7) failing to provide Plaintiff with the wage statements required by NYLL § 195(3); (8) retaliation in violation of NYLL § 215; (9) retaliation in violation of 29 U.S.C. § 215(a)(3); and (10) unlawful deductions in violation of NYLL § 193 and NYCRR §146-2.7.

1

## JURISDICTION AND VENUE

2. Jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 201, *et seq.* since, *inter alia*, claims for relief predicated upon the Fair Labor Standards Act ("FLSA") arise under federal law.

3. Pursuant to 28 U.S.C. § 1367, the doctrine of supplemental jurisdiction, the Court maintains jurisdiction over the balance of Plaintiff's claims.

4. Pursuant to 28 U.S.C. § 1391, the claims set forth herein are properly brought forth in the United States District Court for the Eastern District of New York since, *inter alia*, the events and omissions giving rise to Plaintiff's claims occurred in the Eastern District.

## THE PARTIES

5. Plaintiff Mohit Bhasin is a natural person and a resident of the State of New York, County of Suffolk.

6. At all times relevant herein, Plaintiff met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), NYLL § 190(2), NYLL § 651(5), and 12 NYCRR § 146-3.2.

7. Defendant Soniya Hotel LLC is a domestic limited liability company that is licensed to do business in the State of New York and that does business as Travelodge Manhasset.

8. At all times relevant herein, Defendant Soniya met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), NYLL § 190(3), NYLL § 651(6) and NYCRR § 146.

9. Defendant Shivshanti Inc. is a domestic business corporation that is licensed to do business in the State of New York and that does business as Days Inn Copiague.

10. At all times relevant herein, Defendant Shivshanti met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), NYLL § 190(3), NYLL § 651(6), and NYCRR § 146.

11. Defendant Sirish is a natural person and a resident of the State of New York, County of Suffolk.

12. Defendant Sirish in an owner of Defendants Soniya and Shivshanti.

13. At all times relevant herein, Defendant Sirish met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), NYLL § 190(3), NYLL § 651(6), and NYCRR § 146.

14. Defendant Soniyaben is a natural person and a resident of the State of New York, County of Suffolk.

15. Defendant Soniyaben is an owner of Defendants Soniya and Shivshanti and the wife of Defendant Sirish.

16. At all times relevant herein, Defendant Soniyaben met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(d), NYLL § 190(3), NYLL § 651(6), and NYCRR § 146.

17. Defendant Mistry is a natural person and a resident of the State of New Jersey, County of Morris.

18. Defendant Mistry is an owner of Defendant Soniya, upon information and belief is an owner of Shivshanti, and is partners with Defendants Sirish and Soniyaben.

19. At all times relevant herein, Defendant Mistry met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), NYLL § 190(3), NYLL § 651(6), and NYCRR § 146.

7074733.1

20. Upon information and belief, Defendants Sirish, Soniyaben, and Mistry have operational control over Defendants Soniya and Shivshanti, set the weekly work-hours of employees of Defendants Soniya and Shivshanti, have the power to establish the wages of the employees of Defendants Soniya and Shivshanti, implement and supervise the wage and hour practices and policies relating to employees of Defendants Soniya and Shivshanti, control significant business functions of Defendants Soniya and Shivshanti, determine employees' salaries, hire, fire and maintain records for the employees of Defendants Soniya and Shivshanti, and act directly and indirectly for and in the interest of Defendants Soniya and Shivshanti.

## FACTUAL ALLEGATIONS

21. Plaintiff was employed by Defendants from August 2018 to March 7, 2019.

22. Plaintiff was hired to work the front desk of the Travelodge Manhasset and Days Inn Copiague.

23. His actual job duties included, but were not limited to, answering phones, checking guests in and out of the hotels, handling customer complaints, cleaning rooms, taking reservations and credit card processing.

24. Plaintiff performed these duties at both the Travelodge Manhasset and the Days Inn Copiague, often traveling between the two.

25. For the first two weeks of Plaintiff's employment Defendants did not pay Plaintiff any wages as he was purportedly "in training."

26. Plaintiff worked approximately 96 hours a week while he was "in training."

27. Thereafter until approximately September 23, 2018, Plaintiff was paid a flat $6 per hour irrespective of how many hours he worked, which were approximately 96 hours a week.

4

28. For the period of approximately September 24, 2018 to his unlawful termination on February 25, 2019, Plaintiff was paid approximately $11 per hour for the first forty hours of every week through normal payroll and then an additional $10 per hour for his overtime hours in cash with no corresponding wage statement.

29. During this period, Plaintiff maintained his approximately 96 hour per week workweek.

30. As an employee in the hospitality industry 12 NYCRR §146 applies to Plaintiff.

31. Each day that Plaintiff worked his shifts were in excess of 10 hours and he did not receive spread of hours pay as required by 12 NYCRR § 146-1.6.

32. For a significant portion of Plaintiff's employment he was paid below the minimum wages set by, *inter alia*, the FLSA, NYLL § 652 and 12 NYCRR § 146-1.2.

33. For the entirety of his employment Plaintiff was not paid overtime at a rate of at least one and one half times minimum wage as required by, *inter alia*, the FLSA, NYLL and 12 NYCRR §146-1.4.

34. Defendants also required Plaintiff to buy supplies for which he was never reimbursed.

35. Defendants also failed to reimburse Plaintiff for his work related gasoline expenditures.

36. Defendants also docked Plaintiff's pay if he inadvertently booked a guest into an incorrect room.

37. Defendants also docked Plaintiff's pay for any instance in which he was late in excess of the time he was actually late.

38. On or about February 22, 2019, on behalf of Plaintiff, the undersigned's firm sent Defendants a letter detailing Defendants' violations of state and federal law.

39. On February 24, 2019, Plaintiff checked his upcoming schedule and saw that he was not scheduled to work.

40. On February 25, 2019, Plaintiff was informed that he was fired.

41. Defendants fired Plaintiff in retaliation for asserting his rights under state and federal law.

42. Plaintiff was never provided with the notice required by NYLL § 195 (1) upon his hiring or at any subsequent time.

43. Plaintiff was not provided with accurate wage statements as required by NYLL § 195 (3).

44. Defendants had the power to hire, fire and discipline Plaintiff.

45. Defendants supervised and controlled Plaintiff's work schedules and conditions of employment.

46. Defendants also maintained records relevant to Plaintiff's employment.

47. Defendants determined the rate and method of Plaintiff's pay.

48. At all times, Defendants' actions were willful, unlawful and taken in bad faith within the meaning of the pertinent laws/statutes.

### FIRST CLAIM FOR RELIEF
### UNPAID MINIMUM WAGES UNDER NYLL § 652 and 12 NYCRR § 146-1.2

49. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

50. NYLL § 652 sets forth the minimum wage an employer is required to pay an employee.

51. 12 NYCRR § 146-1.2 sets forth the minimum wage an employer is required to pay an employee in the hospitality industry.

52. Under both NYLL § 652 and 12 NYCRR § 146-1.2, for 2018, Plaintiff was entitled to a basic minimum wage of $11 per hour.

53. Under both NYLL § 652 and 12 NYCRR § 146-1.2, for 2019, Plaintiff was entitled to a basic minimum wage of $12 per hour.

54. As set forth above, for a portion of 2018 Plaintiff was not paid at all.

55. Also as set forth above, for a portion of 2018 Plaintiff was paid $6 per hour irrespective of how many hours he worked in a week.

56. For the balance of 2018, while Plaintiff was paid approximately $11 per hour for the first forty hours he worked in a week, he was only paid $10 per hour for any hours worked in excess of 40 per week.

57. For the period of time Plaintiff worked in 2019 prior to his unlawful termination he was paid $11 per hour for the first forty hours he worked in a week and then $10 per hour for all hours worked in excess of 40 per week, all below the 2019 minimum wage of $12 per hour.

58. For significant portions of 2018 and 2019 Plaintiff was not paid the basic minimum wage.

59. Defendants' failure to pay minimum wage was willful and in bad faith.

60. As a result of the foregoing, Plaintiff has been denied earned wages and has suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid minimum wages, liquidated damages, interest, and attorneys' fees and costs.

7074733.1

# SECOND CLAIM FOR RELIEF
# UNPAID MINIMUM WAGES UNDER FLSA

61. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

62. The FLSA is applicable to Defendants as, *inter alia*, there is enterprise coverage in that, upon information and belief, Defendants do business in excess of $500,000 a year.

63. The FLSA is also applicable as Plaintiff is individually covered given that his job involved interstate commerce including, but not limited to, (1) dealing with guests from outside of New York State; (2) ordering and working with supplies from outside of New York State; and (3) regularly handling credit card transactions (processing credit card transactions from guests).

64. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

65. At all times relevant to this action, Plaintiff was entitled to minimum wage pursuant to the FLSA (29 U.S.C. 201 et seq.)

66. Since approximately July 2009 federal minimum wage has been $7.25 per hour

67. As set forth above, for portions of 2018 Plaintiff was either not paid at all or was paid $6 per hour.

68. Defendants' failure to pay minimum wage was willful and in bad faith requiring the application of a three year statute of limitations.

69. As a result of the foregoing, Plaintiff has been denied earned wages required under the FLSA and has suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid minimum wages, liquidated damages, interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## UNPAID OVERTIME WAGES UNDER NYLL/12 NYCRR § 146-1.4

70. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

71. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law and 12 NYCRR § 146.

72. At all times relevant to this action, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime wages at rates of at least 1.5 times the minimum wage for each and all hours he worked in excess of forty in violation of New York Labor Law (§ 190 et seq, § 650 et seq, and/or 12 NYCRR § 146-1.4).

73. As a result of the foregoing, Plaintiff has been denied earned wages required under the NYLL and has suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## UNPAID OVERTIME WAGES UNDER FLSA

74. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

75. At all times relevant to this action, Plaintiff was entitled to overtime pursuant to the FLSA (29 U.S.C. 201 et seq.)

76. As set forth above, Plaintiff was not paid for the overtime hours he worked at the rate of one and one half times the minimum wage.

7074733.1

77. Defendants' failure to pay Plaintiff overtime was willful and in bad faith requiring the application of a three year statute of limitations.

78. As a result of the foregoing, Plaintiff has been denied earned wages required under the FLSA and has suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO PAY SPREAD OF HOURS PAY IN VIOLATION OF 12 NYCRR § 146-1.6

79. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

80. Pursuant to 12 NYCRR § 146-1.6, on each day on which an employee's spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate.

81. Each day that Plaintiff worked his spread of hours exceeded 10.

82. Defendants, willingly and in bad faith, never paid Plaintiff his spread of hours pay.

83. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid spread of hours pay, liquidated damages, interest, and attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO PROVIDE NYLL § 195(1) Notice

84. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

85. Pursuant to NYLL § 195 (1), Defendants were obligated to provide Plaintiff at the time of his hiring with a notice containing, *inter alia*, the following information: the employee's rate of pay, allowances to be taken, the regular payday, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer.

86. Defendants failed to provide Plaintiff with such notice.

87. As a result of the foregoing, Plaintiff is entitled to $5,000 plus costs and reasonable attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE NYLL § 195 (3) STATEMENTS

88. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

89. Pursuant to NYLL § 195 (3), Defendants were obligated to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia*, the following: the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Additionally, for all employees who are not exempt from overtime compensation as established in the pertinent minimum wage orders or otherwise provided by New York state law or regulation, the wage statements are required to include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

90. Defendants failed to provide Plaintiff with accurate wage statements.

91. As a result of the foregoing, Plaintiff is entitled to $5,000 plus costs and reasonable attorneys' fees.

**EIGHTH CLAIM FOR RELIEF**
**RETALIATION IN VIOLATION OF NYLL § 215**

92. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

93. NYLL § 215(1)(a) provides

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or (iv) because such employee has provided information to the commissioner or his or her authorized representative or the attorney general, or (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (vi) because such employee has otherwise exercised rights protected under this chapter, or (vii) because the employer has received an adverse determination from the commissioner involving the employee.

94. While Plaintiff was employed by Defendants he complained to Defendants about their violations of the NYLL.

95. Indeed, on or about February 22, 2019, the undersigned's firm, on behalf of Plaintiff, sent a letter to Defendants complaining of their violations of the NYLL.

96. Immediately thereafter, Defendants did not schedule Plaintiff for any further work and on February 25, 2019 Plaintiff was fired.

97. Plaintiff was fired in clear retaliation for his complaints and in violation of NYLL § 215.

98. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial including, but not limited to, compensatory damages, punitive damages, front pay, back pay, liquidated damages, attorneys' fees and costs, interest, lost compensation, and such other legal and equitable relief as this Court deems just and proper.

**NINTH CLAIM FOR RELIEF**
**RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**

99. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

100. 29 U.S.C. § 215(a)(3) provides that it shall be unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]"

101. Plaintiff engaged in the statutorily protected conduct of complaining to Defendants about their violations of the FLSA and of having his attorney write a letter to Defendants complaining of their violations of the FLSA.

102. Plaintiff suffered the adverse employment action of being terminated.

103. Given, *inter alia*, the extremely brief period of time between when the undersigned's firm sent a letter to Defendants complaining of their violations of the FLSA,

13
7074733.1

February 22, 2019, and Plaintiff's February 25, 2019 termination, it is clear that there is a casual link between the Plaintiff's protected conduct and Defendants' adverse employment action.

104. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial including, but not limited to, compensatory damages, punitive damages, front pay, back pay, liquidated damages, attorneys' fees and costs, interest, lost compensation, emotional distress damages, and such other legal and equitable relief as this Court deems just and proper.

**TENTH CLAIM FOR RELIEF**
**UNLAWFUL DEDUCTIONS IN VIOLATION OF NYLL § 193 and 12 NYCRR § 146-2.7**

105. Plaintiff alleges and incorporates by reference the foregoing allegations as if set forth fully at length herein.

106. NYLL § 193 prohibits employers from making any deductions from the wages of an employee with certain limited exceptions.

107. 12 NYCRR § 146-2.7 also prohibits employers from making any deductions from the wages of an employee with certain limited exceptions.

108. Defendants unlawfully made deductions from Plaintiff's wages when, *inter alia*, he inadvertently booked a guest into the wrong room.

109. Defendants also willfully, unlawfully and in bad faith made deductions from Plaintiff's wages when they required him to purchase supplies without reimbursement and when they failed to reimburse Plaintiff for his gas expenditures/mileage.

110. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial including, but not limited to, the amount of the unlawful deductions, liquidated damages, interest, and attorneys' fees and costs.

14

7074733.1

## JURY DEMAND

111. Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. On the first claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid minimum wages, liquidated damages, interest, and attorneys' fees and costs;

B. On the second claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid minimum wages, liquidated damages, interest, and attorneys' fees and costs;

C. On the third claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs;

D. On the fourth claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs;

E. On the fifth claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid spread of hours pay, liquidated damages, interest, and attorneys' fees and costs;

F. On the sixth claim for relief, awarding Plaintiff $5,000 plus costs and reasonable attorneys' fees;

G. On the seventh claim for relief, awarding Plaintiff $5,000 plus costs and reasonable attorneys' fees;

H. On the eighth claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, compensatory damages, punitive damages, front pay, back pay, liquidated damages, attorneys' fees and costs, interest, lost compensation, and such other legal and equitable relief as this Court deems just and proper;

I. On the ninth claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, compensatory damages, punitive damages, front pay, back pay, liquidated damages, attorneys' fees and costs, interest, lost compensation, emotional distress damages, and such other legal and equitable relief as this Court deems just and proper;

J. On the tenth claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, the amount of the unlawful deductions, liquidated damages, interest, and attorneys' fees and costs;

K. Awarding Plaintiff all wages and benefits which would have been received by Plaintiff but for Defendants' violations of the aforementioned/pertinent statues;

L. Awarding Plaintiff liquidated damages relating to all lost/unpaid wages, as provided by law;

M. Awarding Plaintiff statutory damages for Defendants' violations of the notice requirements pursuant to NYLL § 195, and injunctive and declaratory relief as provided by NYLL § 198;

N. Pre-judgment and post-judgment interest as provided by law;

7074733.1

O. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

P. Awarding Plaintiff punitive damages;

Q. Awarding Plaintiff reasonable attorneys' fees and the litigation costs of this action;

R. Awarding Plaintiff the costs and disbursements of this action, including expert fees and disbursements; and

S. Such other and further relief as this Court may deem just, proper and equitable.

Dated: Huntington, New York
       January 18, 2021

**MOSER LAW FIRM, P.C.**

By: *Paul Pagano* .
Steven J. Moser, Esq.
Paul A. Pagano, Esq.
*Attorneys for Plaintiff*
5 East Main Street
Huntington, New York 11743
(516) 671-1150
paul.pagano@moserlawfirm.com

**Consent Form**

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* against my former employer(s) SONIYA HOTEL LLC D/B/A TRAVELODGE MANHASSET, SHIVSHANTI INC. D/B/A DAYS INN COPIAGUE, SIRISH PATEL, SONIYABEN PATEL, and HARSHAD MISTRY to secure any relief that may be awarded, including unpaid minimum wages, unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs, compensatory damages, punitive damages, front pay, back pay, lost compensation, emotional distress damages, and such other legal and equitable relief as this Court deems just and proper.

2. As set forth in my complaint, I did not receive minimum wages nor overtime wages at the rate of time and one half the minimum wage for the hours worked during my employment with Defendants.

3. Additionally, as set forth in the foregoing complaint, I was terminated as a result of my complaints about Defendants' violations of the NYLL, 12 NYCRR § 146 and the FLSA.

4. I authorize Moser Law Firm, P.C. to represent me in this case.

Date: 1/18/2021 _____

_____
Signature
Mohit Bhasin
_____
Print Name

18

7074733.1